# ATTACHMENT C

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| FBOP, N.E. Regional Office U.S. Customs House 7th 2nd and Chestnut Streets philadelphia, PA 19106 | Myron Ward (05967-084) FCC Petersburg Low; P.O. Box1000 Petersburg, VA 23804 |

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 7/7/70 | 5. MARITAL STATUS Single | 6. DATE AND DAY OF ACCIDENT April 2002- October 2003 | 7. TIME (A.M. OR P.M.) A.M. & P.M Shti |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof) (Use additional pages if necessary.)

I was assigned to FCI McKean Unicor in early April of 2002. In late April of 2003 I found out that throughout my assignment in FCI McKean Unicor, myself and other inmates were instructed and allowed to work in and around areas where Micore and Particle Boards were being cut, sawed, sanded, machined, touched, stacked and other wise handled by me and other inmates without the proper protection. Micore boards have the ingredient Slilica Sand and Mineral Fiber in them which is a occupational carcinogen and carries a future risk of cancer. There were no warning signs to make boundaries of work areas con taminated with respirable silica dust. See Exhibits A and B.
(See Attachment)

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

The injuries to me caused be the above mentioned persons' negligence are Chronic respiratory problems, Acute sinusitis, conjunctivitis, eye pain, episcleritis, pressure in head, swollen membranes, dermatitis, coughing, lymph node biopsy to determine if I had cancer from these substances.(see med. rec.)

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Michael Hill | FBOP inmate |
| William A. Freeman | FBOP inmate |
| Kevin L. Siggers Sr. | FBOP inmate |
| Kenny Hill | FBOP inmate |

DATE RECIVED
APR 14 2005
BOP REGIONAL COUNSEL
PHILADELPHIA, PA

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY $2500.00 | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM of negligence.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Myron Ward | | 4/7/05 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE

Tort Claim Attachment

I have had dust from micore and particle board all over my person and clothing. I have breathed these dusts. Myself and other inmates were instructed and allowed to blow machines and the floors off with air hoses after cutting, sawing, and machining micore and particle boards. In addition to the improper air hosing to clean up, fans were often blowing directly above or very near to where the micore and particle boards were cut, sawed and sanded and machined otherwise, and the floors around machines and all over the Unicor factory were swept with brooms. On April 9, 2003, one inmate was given and allowed to use a respirator while I was not (while working with the micore boards). I was always given a a Breath Easy garden mask (for non-toxic dust and sands), for every task while working in FCI McKean Unicor (see exhibit C).This mask does not protect against **Silica**, toxic or hazardous air contaminants,other toxic dust, industrial dust, or harmful vapors. Micore boards have the ingredient silica sand in them and are not to be handled, touched, or breathed. Protective gear is required such as, an approved NIOSH respirator, loose fitting clothing closed at the neck and wrist to minimize skin exposure "these clothes should be washed separately from others". creating dust need to be avoided, proper clean up procedures that avoid creating dust need to be followed and proper ventilation and exhaust is required. The gist of my complaint in respect to the micore and particle boards is that staff instructed and allowed the creating of dust from sawing, machinig, sanding and otherwise handling of these boards coupled with instructed improper clean up procedures, fans blowing in work areas, sweeping, poor ventilation and exhaust, together without the proper protective gear, was negligence on the staffs' part that I will mention below and caused my injuries. Warden, John J. Lamanna was the CEO of FCI McKean. He was negligent in his duty to hold me safely, andfree from known risk of harm, as is stated in Title 18 U.S.C. §4042. Deborah Forsyth, SOI of UNICOR, and Safety and Health Committee Chairwoman of FCI McKean was negligent in her duty to safely and efficintly manage, provide and insure that I had safe measures and means in which to accomplish my work and make available safety equipmen as needed.

Marty Sapko, FCI McKean Unicor Factory Manager, was negligent in enforcing safety and proper clean up procedures and did not enforce and make sure that proper protective equipment was used during work or made available. Stephen Housler, FCI McKean Safety Manager who is in charge of all safety matters and must make sure that Unicor administers the standard required by law. He was negligent in his duty to ascertan that plaintiff had safe methods of accomplishing his work.



U.S. **Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*

*U.S. Custom House*
*2nd & Chestnut Streets - 7th Floor*
*Philadelphia, PA. 19106*

April 28, 2005

Myron Arvel Ward
Reg. No. 05967-084
Federal Correctional Institution
P. O. Box 1000
Petersburg, VA 23804

Re: Administrative Tort Claim Received April 14, 2005
    Claim No. TRT-NER-2005-02686

Dear Mr. Ward:

This letter is in response to your administrative tort claim in which you seek compensation in the amount of $2,500 for personal injuries you allegedly suffered while at the FCI McKean on or about April 2002 thru October 2003.

After further investigation of this tort claim it is being rejected because you are claiming an injury that occurred while at work, which is excluded from coverage under the Federal Tort Claims Act. The exclusive remedy for inmate accidents at work is the Inmate Accident Compensation System as set forth in Title 18, United States Code, Section 4126 and 28 Code of Federal Regulations, Part 301.

If you desire to file a claim under the Inmate Accident Compensation System, you should contact the Safety Manager at the institution where you are confined to acquire the proper forms. Under the provisions of 28 Code of Federal Regulations, Part 301.101, any claim for compensation should be submitted at or near the time of release from confinement, to the Claims Examiner, Inmate Accident Compensation System, Federal Prison Industries, Inc., Washington, D.C. 20534.

Sincerely,

Henry J. Sadowski
Regional Counsel

-.max