# EXHIBIT
# 4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MYRON WARD,

          PLAINTIFF

v.

                           Civil Action No. 04-11

                           Judge McLaughlin
                           Magistrate Judge Baxter

JOHN LAMANNA, ET AL.,

          DEFENDANTS

## DECLARATION OF DEBORA FORSYTH, ASSOCIATE WARDEN

1.    I am the Associate Warden (AW) over Industries and Education

      (I&E) at the Federal Correctional Institution (FCI), Jessup,

      Georgia.  Prior to this, from May 9, 1999, until

      approximately June 3, 2003,  I was the Superintendent of

      Industries (SOI) at FCI McKean, Pennsylvania.

2.    As the SOI at FCI McKean, my responsibilities included both

      oversight of the day-to-day operations and long term policy

      decisions affecting the Federal Prison Industries, Inc. (FPI

      or trade name UNICOR) operation at FCI McKean.

3.    I am aware that inmate Myron Ward, Register Number 05967-

      084, has filed the above-captioned civil action in the

      United States District Court for the Western District of

      Pennsylvania, naming me as a defendant in both my official

      and personal capacities.  Inmate Ward alleges, among other

things, that he was exposed to hazardous air-borne particulates at his inmate work assignment in the UNICOR factory at FCI McKean, and that he was not issued proper safety equipment.

7. To the best of my recollection, inmate Ward did not report any work-related injuries or illnesses to me, nor did he request any special safety equipment that he could use at his inmate work assignment.

8. To the best of my knowledge and recollection, inmates assigned to work assignments in the UNICOR factory at FCI McKean were required to wear hearing protection and goggles. Dust masks and gloves were available to inmates upon request from their work supervisors. If an inmate were to request special safety equipment to use during his work assignment, arrangements would be made through the Safety Department to furnish the appropriate equipment. Inmate Ward never requested a dust mask or a respirator to use at his inmate work assignment.

9. Under no circumstances would I ever alter any Material Safety Data Sheet (MSDS) in the UNICOR factory, nor would I direct any person in the institution (be they staff or

inmate) to alter the MSDS sheets in the UNICOR factory.


I declare under penalty of perjury in accordance with the
provisions of 28 U.S.C. § 1746 that the above is accurate to the
best of my knowledge and belief.


Deborah Forsyth                         1-30-06
Associate Warden                        Date
FCI Jessup