IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MYRON WARD,<br><br>          Plaintiff,<br><br>v.<br><br>JOHN LAMANNA, et al.,<br><br>          Defendants. | Civil Action No. 04-11E<br><br>Judge McLaughlin<br>Magistrate Judge Baxter<br><br>*(Electronic Filing)* |

## **DEFENDANTS' ANSWER**

AND NOW, come the Defendants, John LaManna, Marty Sapko, Deborah Forsyth, Ned Watson, and Stephen Housler (hereinafter collectively referred to as "Defendants"), by and through their attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, Michael C. Colville, Assistant United States Attorney for said district, and Douglas S. Goldring, Assistant General Counsel for Federal Prison Industries, Inc, and Answer the Plaintiff's Second Amended Complaint as follows:

## **PARTIES**

1.  ADMITTED.

2.  ADMITTED that Defendant John J. LaManna was, at all times relevant to this action, the Chief Executive Officer (Warden) for FCI McKean. It is DENIED that he is still employed in that capacity.

3.  ADMITTED that Defendant Deborah Forsyth was, at all times relevant to this action, the Superintendent of Industries for the UNICOR facility located in FCI McKean. It is DENIED that she is still employed in that capacity.

4. ADMITTED.

5. ADMITTED that Defendant Steven Housler is the Safety Manager at FCI McKean, and that he acted in as an agent of the Federal Bureau of Prisons and the United States of America. Otherwise, DENIED .

6. The averments in this paragraph relate to a Defendant who was previously dismissed from this cause of action, and to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

7. ADMITTED that the United States of America is the operator of FCI McKean and the employer of the individual Defendants. Otherwise, this paragraph states a legal conclusion to which no response is required. To the extent a response is required, the remainder of this paragraph is DENIED.

## JURISDICTION

8. The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

## ADMINISTRATIVE REMEDIES

9. The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

## FACTS

10. ADMITTED that Plaintiff was assigned to FCI McKean in July 2001, and was incarcerated there at all times relevant to this action. Otherwise, DENIED.

11. ADMITTED.

12. ADMITTED that Plaintiff began working in the UNICOR factory at FCI McKean in or around April 2002, which, at that time, engaged in various aspects of the manufacture of furniture products. Otherwise, DENIED.

13. Upon reasonable investigation, Defendants are without information sufficient to either admit or deny the averments in this paragraph.

14. Upon reasonable investigation, Defendants are without information sufficient to either admit or deny the averments in this paragraph.

15. The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

16. The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

17. DENIED.

18. ADMITTED that some inmates used brooms to clean the machinery. Otherwise, DENIED.

19. DENIED.

20. DENIED.

21. DENIED.

22. DENIED.

23. ADMITTED that respirators were available. DENIED that Defendants refused to provide them to Plaintiff, or other workers.

24. DENIED.

25. DENIED.

26. The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

27. DENIED.

28. The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

29. The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

## COUNT I

30. Defendants incorporate by reference their answers to paragraphs 1-29.

31. ADMITTED.

32. ADMITTED.

33. DENIED.

34. The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

35. The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

36. The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

37. The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

## COUNT II

38. Defendants incorporate by reference their answers to paragraphs 1-37.

39. The averments in this paragraph relate to a claim which was previously dismissed from this cause of action, and to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

40. The averments in this paragraph relate to a claim which was previously dismissed from this cause of action, and to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

41. The averments in this paragraph relate to a claim which was previously dismissed from this cause of action, and to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

42. The averments in this paragraph relate to a claim which was previously dismissed from this cause of action, and to which no response is

required, however, the averments in this paragraph are DENIED.

43. The averments in this paragraph relate to a claim which was previously dismissed from this cause of action, and to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

44. The averments in this paragraph relate to a claim which was previously dismissed from this cause of action, and to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

## FIRST AFFIRMATIVE DEFENSE

Defendants are entitled to Qualified Immunity.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has not satisfied the exhaustion requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has not stated a claim of any Constitutional violation for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b).

## FOURTH AFFIRMATIVE DEFENSE

To the extent any of the Defendants are named in their official capacities, they are entitled to sovereign immunity.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to satisfy the physical injury requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

## SIXTH AFFIRMATIVE DEFENSE

Defendant LaManna is entitled to be dismissed from this action based upon their lack of personal involvement and the doctrine of *respondeat superior*.

WHEREFORE, Defendants pray this Court dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney


/s/ Michael C. Colville
MICHAEL C. COLVILLE
Assistant U.S. Attorney
Western District of PA
U.S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7337
PA ID No. 56668

OF COUNSEL:

Douglas S. Goldring
Assistant General Counsel
Federal Prison Industries (UNICOR)
400 First Street, N.W., Room 8011
Washington, DC 20534

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of September, 2006, I have served a copy of the within DEFENDANTS' ANSWER by either electronic filing and/or first-class mail, upon the following:

>Richard A. Lanzillo, Esquire
>Knox McLaughlin Gornall & Sennett, P.C.
>120 West Tenth Street
>Erie, PA 16501-1461

>/s/ Michael C. Colville
>MICHAEL C. COLVILLE
>Assistant U.S. Attorney