# EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNY HILL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 05-160E |
| | ) | |
| v. | ) | JUDGE McLAUGHLIN |
| | ) | MAGISTRATE JUDGE BAXTER |
| JOHN LAMANNA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MICHAEL HILL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 03-323E |
| | ) | |
| v. | ) | JUDGE McLAUGHLIN |
| | ) | MAGISTRATE JUDGE BAXTER |
| JOHN LAMANNA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| LESLIE KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 03-368E |
| | ) | |
| v. | ) | JUDGE McLAUGHLIN |
| | ) | MAGISTRATE JUDGE BAXTER |
| JOHN LAMANNA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| KEVIN SIGGERS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 03-355E |
| | ) | |
| v. | ) | JUDGE McLAUGHLIN |
| | ) | MAGISTRATE JUDGE BAXTER |
| JOHN LAMANNA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

11-15-06  cc: CC + Golding

| | |
|---|---|
| MYRON WARD, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 04-11E |
| ) | |
| v. ) | JUDGE McLAUGHLIN |
| ) | MAGISTRATE JUDGE BAXTER |
| JOHN LAMANNA, et al., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

TO:  Plaintiffs, KENNY HILL, MICHAEL HILL, LESLIE KELLY,
MYRON WARD, KEVIN SIGGERS
c/o Richard A. Lanzillo, Esquire
Knox McLaughlin Gornall & Sennett, P.C.
120 West Tenth Street
Erie, PA 16501-1461

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants respectfully request that the above named Plaintiffs produce the information or documents requested herein, within thirty (30) days from the date of service of this Request for Production.

### DEFINITIONS

(1)     Communication.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2)     Document.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a).  A draft of a non-identical copy is a separate document within the meaning of this term.  The term document includes any written or recorded transmission, film or tape, or copy thereof, within the possession, custody, or control of Plaintiffs or their agents.

(3)     Identify (With Respect to Person or Entities).  When referring to a person, "to identify" means to give, to the extent

2

known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4)     Identify (With Respect to Documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

(5)     Parties. The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6)     Person. The term "person" is defined as any natural person or business, legal or governmental entity or association.

(7)     Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

### CLAIMS OF PRIVILEGE

Should you claim a privilege with respect to a particular document or information, you must comply with the following:

(1)     The claimant must state the particular rule or privilege upon which the claim is based.

(2)     There must be appended to the claim any information, in addition to that in the document itself, necessary to establish the factual elements required by the privilege rule invoked. The information must be sufficiently detailed to permit decision on the claim and must be verified by affidavit by a person or person having knowledge of the facts asserted.

(3)     When a document contains both privileged and unprivileged material, the unprivileged material must be disclosed to the fullest extent possible without thereby disclosing the

3

privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed.

### ITEMS TO BE PRODUCED

1. Produce for inspection and copying any and all x-ray films, x-ray reports, MRI films, MRI reports, CT scans, CT reports, lung or respiratory function tests, any and all photographs, films, biopsy reports, recordings, diagrams, and drawings which are related to the alleged injuries which you contend have resolved or are permanent and/or future injuries which you claim resulted or will result from the alleged dangerous condition at the UNICOR facility at FCI McKean.

2. Produce for inspection and copying all hospital records, x-rays, MRIs, CT scans, medical reports, evaluations, opinions, diagnosis, treatments, prognosis, bills, and invoices pertaining to any and all medical treatment and care that Plaintiff received prior to incarceration at FCI McKean.

3. Produce for inspection and copying all documents which support your claim that you have been placed at an increased risk of developing future diseases and health problems, including but not limited to cancer, silicosis, pneumoconiosis, emphysema, asthma, and mycobacterium tuberculosis.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

*/s/ Michael C. Colville*

MICHAEL C. COLVILLE
Assistant U.S. Attorney
Western District of PA
U.S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA  15219
(412) 894-7337
PA ID No. 56668

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of November, 2006, a true and correct copy of the within DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS was served by mail upon the following:

Richard A. Lanzillo, Esquire
Knox McLaughlin Gornall & Sennett, P.C.
120 West Tenth Street
Erie, PA 16501-1461


MICHAEL C. COLVILLE
Assistant U.S. Attorney