## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL W. HILL, | ) Docket No. 03-323E |
| | ) (Judge Susan Paradise Baxter) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| JOHN J. LAMANNA, WILLIAM K. | ) |
| COLLINS, MARTY SAPKO, | ) |
| STEPHEN HOUSLER, ROBERT | ) |
| KLARK, ROBERT REOME, | ) |
| BETH FANTASKEY, and | ) |
| DEBORAH FORSYTH, | ) |
| Defendants | ) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| LESLIE R. KELLY, | ) Docket No. 03-368E |
| | ) (Judge Susan Paradise Baxter) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| JOHN J. LAMANNA, MARTY SAPKO, | ) |
| DEBORAH FORSYTH, STEPHEN | ) |
| HOUSLER | ) |
| | ) |
| Defendants | ) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| KEVIN SIGGERS, | ) C.A. No. 03-355 Erie |
| | ) (Judge Susan Paradise Baxter) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| JOHN LAMANNNA, DEBORAH | ) |
| FORSYTH, MARTY SAPKO, and | ) |
| STEPHEN HOUSLER, | ) |
| | ) |
| Defendants | ) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| MYRON WARD, | ) Docket No. 04-11 |
| | ) (Judge Susan A. Paradise Baxter) |
|       Plaintiff, | ) |
| | ) |
|    vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| JOHN LAMANNA, DEBORAH | ) |
| FORSYTH, MARTY SAPKO, | ) |
| STEPHEN HOUSLER, NED WATSON, | ) |
| | ) |
|      Defendants | ) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| KENNY HILL, | ) Docket No. 05-160E |
| | ) (Judge Susan Paradise Baxter) |
|       Plaintiff, | ) |
| | ) |
|    vs. | ) |
| | ) |
| JOHN J. LAMANNA, DEBORAH | ) |
| FORSYTH, MARTY SAPKO, and | ) |
| STEPHEN HOUSLER | ) |
| | ) |
|      Defendants | ) |

## PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS'

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

    1.     Produce for inspection and copying all documents, writings, photographs, films, recordings, diagrams, and drawings regarding the alleged liability of Defendant United States of America, for the occurrence giving rise [to] the above suits.

    **RESPONSE:**      **Objection as this Request is vague, ambiguous and unduly burdensome. Without waiving this objection, all documents in Plaintiffs' possession have been produced in response to Defendant's various Motions to Dismiss and/or for Summary Judgment.**

2.    Produce for inspection and copying all documents which provide evidence and/or support for Plaintiffs' claims for injuries and damages as set forth in the Complaints filed in this case.

**RESPONSE:**    **Objection as this Request is vague, ambiguous and unduly burdensome. Without waiving this objection, all documents in Plaintiffs' possession have been produced in response to Defendant's various Motions to Dismiss and/or for Summary Judgment.**

3.    Produce for inspection and copying all expert reports prepared in connection with the above case.

**RESPONSE:**    **No determination has been made at this time as to expert witnesses to be called at time of trial. Once this determination is made, this information will be provided pursuant to Federal Rules of Civil Procedure.**

4.    Produce for inspection and copying all hospital records, medical reports, evaluations, opinions, diagnosis, treatments, prognosis, bills and invoices pertaining to the treatment and care of Plaintiffs' prior to their incarceration at FCI McKean.

**RESPONSE:**    **These Plaintiffs' do not have possession of any such requested records or reports. Upon receipt of a valid, HIPAA compliant authorization, Plaintiffs' will execute such authorization allowing the government the opportunity to obtain these records themselves.**

5.    Produce for inspection and copying all documents reviewed, examined, referred to or otherwise relied upon by any medical or scientific expert(s) retained by Plaintiffs' in connection with this case.

**RESPONSE:**        **No determination has been made at this time as to expert witnesses to be called at time of trial.  Once this determination is made, this information will be provided pursuant to Federal Rules of Civil Procedure.**

6.      Produce for inspection and copying all documents regarding the conclusions and/or opinions of any medical and/or scientific expert(s) retained by Plaintiffs' in connection with the above cases.

**RESPONSE:**        **No determination has been made at this time as to expert witnesses to be called at time of trial.  Once this determination is made, this information will be provided pursuant to Federal Rules of Civil Procedure.**

7.      Produce for inspection and copying all documents containing the statements of persons who have knowledge of the facts and circumstances concerning the occurrence giving rise to the above suits.

**RESPONSE:**        **All documents in Plaintiffs' possession have been produced in response to Defendant's various Motions to Dismiss and/or for Summary Judgment.**

8.      Produce for inspection and copying all documents containing the statements or observations of persons who have knowledge of facts regarding Plaintiffs' injuries and damages as alleged in the Complaints.

**RESPONSE:**        **All documents in Plaintiffs' possession have been produced in response to Defendant's various Motions to Dismiss and/or for Summary Judgment.**

Responses and Objections
respectfully submitted,

KNOX McLAUGHLIN GORNALL &
SENNETT, PC

Richard A. Lanzillo
120 West Tenth Street
Erie, PA 16501
(814) 459-2800
PA ID No. 58311

Attorneys for Plaintiffs' Michael Hill, Leslie Kelly,
Kevin Siggers, Myron Ward and Kenny Hill

# 700802

## CERTIFICATE OF SERVICE

I hereby certify that on this _11th_ day of January, 2007, a true and correct copy of the

within PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST

REQUEST FOR PRODUCTION OF DOCUMENTS was served by mail upon the following:

Michael C. Colville
Assistant U.S. Attorney
Western District of PA
US Post Office & Courthouse
700 Grant Street, Suite 400
Pittsburgh, PA  15219

And by E-mail to:

Douglas Goldring, Esquire @ dgoldring@central.unicor.gov
Assistant General Counsel – UNICOR
Washington, DC

Richard A. Lanzillo, Esquire

## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL W. HILL, | ) | Civil Action No. 03-323E |
| | ) | |
| Plaintiff, | ) | Judge McLaughlin |
| | ) | Magistrate Judge Baxter |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| JOHN J. LAMANNA, WILLIAM K. | ) | |
| COLLINS, MARTY SAPKO, | ) | |
| STEPHEN HOUSLER, ROBERT | ) | |
| KLARK, ROBERT REOME, | ) | |
| BETH FANTASKEY, and | ) | |
| DEBORAH FORSYTH, | ) | |
| Defendants | ) | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| LESLIE R. KELLY, | ) | Civil Action No. 03-368E |
| | ) | |
| Plaintiff, | ) | Judge McLaughlin |
| | ) | Magistrate Judge Baxter |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| JOHN J. LAMANNA, MARTY SAPKO, | ) | |
| DEBORAH FORSYTH, and STEPHEN | ) | |
| HOUSLER | ) | |
| | ) | |
| Defendants | ) | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| KEVIN SIGGERS, | ) | Civil Action No. 03-355 E |
| | ) | |
| Plaintiff, | ) | Judge McLaughlin |
| | ) | Magistrate Judge Baxter |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| JOHN LAMANNA, DEBORAH | ) | |
| FORSYTH, MARTY SAPKO, and | ) | |
| STEPHEN HOUSLER, | ) | |
| | ) | |
| Defendants | ) | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| MYRON WARD, | ) Docket No. 04-11 |
| | ) |
| Plaintiff, | ) Judge McLaughlin |
| | ) Magistrate Judge Baxter |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| JOHN LAMANNA, DEBORAH | ) |
| FORSYTH, MARTY SAPKO, | ) |
| STEPHEN HOUSLER, and NED | ) |
| WATSON, | ) |
| | ) |
| Defendants | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| KENNY HILL, | ) Docket No. 05-160E |
| | ) |
| Plaintiff, | ) Judge McLaughlin |
| | ) Magistrate Judge Baxter |
| vs. | ) |
| | ) |
| JOHN J. LAMANNA, DEBORAH | ) |
| FORSYTH, MARTY SAPKO, and | ) |
| STEPHEN HOUSLER | ) |
| | ) |
| Defendants | ) |

## PLAINTIFF'S ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

AND NOW, this ___ day of January, 2007, the plaintiffs, Michael Hill, Leslie Kelly, Kevin Siggers, Myron Ward and Kenny Hill, by their counsel, Knox McLaughlin Gornall & Sennett, P.C., serve the following Answers to Defendants' First Set of Interrogatories.

## DEFINITIONS

(1)    Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2)    Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34 (a) . A draft of a non-identical copy is a separate document within the meaning of this term. The term document

2

includes any written or recorded transmission, film or tape, or copy thereof, within the possession, custody, or control of Plaintiffs or their agents.

(3)     Identify (With Respect to Person or Entities). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4)     Identify (With Respect to Documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

(5)     Parties. The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6)     Person. The term "person" is defined as any natural person or business, legal or governmental entity or association.

(7)     Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

## CLAIMS OF PRIVILEGE

Should you claim a privilege with respect to a particular document or information, you must comply with the following:

(1)    The claimant must state the particular rule or privilege upon which the claim is based.

(2)    There must be appended to the claim any information, in addition to that in the document itself, necessary to establish the factual elements required by the privilege rule invoked. The information must be sufficiently detailed to permit decision on the claim and must be verified by affidavit by a person or person having knowledge of the facts asserted.

(3)    When a document contains both privileged and unprivileged material, the unprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed.

## INTERROGATORIES

1.    Please identify each and every expert you have retained and intend to call as a witness in the trial of this matter.

**ANSWER:    No determination has been made at this time as to the expert witnesses to be called at time of trial. Once this determination has been made, this information will be provided pursuant to the Federal Rules of Civil Procedure.**

2.    Please identify each and every permanent injury that you have sustained as a result of the alleged dangerous condition that was permitted to exist at the UNICOR facility at FCI McKean.

**ANSWER:    Objection. This interrogatory seeks medical opinions beyond the knowledge of the Plaintiffs. Without waiving this objection, medical**

**records identifying the injuries sustained and medical treatment sought as a result of the actions taken by Defendants in this matter are in Defendants' possession.**

3.    Regarding your answer to Interrogatory No. 2, identify the name, address and telephone number of the doctor or medical care provider who diagnosed the permanent injury.

**ANSWER:    See response to Interrogatory 2. Without waiving the objections raised in Interrogatory 2, the medical care providers and doctors who have treated Plaintiffs are identified on the medical records already in Defendants' possession.**

4.    Regarding your answer to Interrogatory No. 2, please describe in detail the symptoms of each permanent injury.

**ANSWER:    See answers to # 2 and #3.**

5.    Regarding your answer to Interrogatory No. 2, please identify:

   a.    the name, address and telephone number of any individual who was/is employed at FCI McKean who you reported your injury to;

   b.    the date that you reported your injury to an employee of FCI McKean.

**ANSWER:    a.    See medical records already in Defendants' possession.**
**         b.    See medical records already in Defendants' possession.**

6.    Please identify and describe any injury you claim to have sustained as a result of the alleged dangerous condition at the UNICOR facility which is/was not permanent.

**ANSWER:    See response to Interrogatory 2.**

7.    Regarding your answer to Interrogatory No. 6, please describe in detail the symptoms of each injury identified in Interrogatory No. 6.

**ANSWER:    See response to Interrogatory 2 and, without waiving the objections raised therein, see medical records already in Defendants' possession.**

5

8.    Regarding your answer to Interrogatory No. 6, please state the date you last had the symptom (s) or the date the symptom(s) ended.

**ANSWER:    See response to Interrogatory 7.**

9.    Regarding your answer to Interrogatory No. 6, please identify:

a.    the name, address and telephone number of any individual who was/is employed at FCI McKean who you reported your injury to;

b.    the date(s) that you reported your injury to an employee of FCI McKean.

**ANSWER:    a.    See response to Interrogatory 7.**
**            b.    See response to Interrogatory 7.**

10.    Please identify the name, address and telephone number of any physician or medical care provider who has diagnosed, treated, and/or told you that you have been placed at an increased risk of developing future diseases and health problems, including, but not limited to cancer, silicosis, pneumoconiosis, emphysema, asthma, and mycobacterium tuberculosis?

**ANSWER:    See medical records already in Defendants' possession.**

11.    Please state and describe whether there is a history of cancer, silicosis, pneumoconiosis, emphysema, asthma, and mycobacterium tuberculosis in your immediate family medical history.

**ANSWER:    See medical records already in Defendants' possession.  In further response, questions related to the Plaintiffs' medical history were posed during Plaintiffs' depositions and Plaintiffs' responses to those questions are hereby incorporated by reference.  Copies of Plaintiffs' deposition transcripts are in Defendants' possession.**

12.    Please state whether you have ever used or smoked any tobacco products, marijuana or other illegal drug(s).

**ANSWER:    This question was posed to the Plaintiffs in their depositions and Plaintiffs' incorporate their responses to those questions in response**

6

to this interrogatory.  **Copies of the Plaintiffs' deposition transcripts
are in the Defendants' possession.**

13.    Regarding your answer to Interrogatory No. 11, please state or identify:

a.    the substance used;

b.    the date you began to use the substance;

c.    the amount of the substance that you used on a daily, weekly,

monthly basis;

c.    the date you last used the substance.

**ANSWER:    See response to Interrogatory 11.**

14.    Please state the name, address and telephone number of any and all

witnesses you expect to call in the trial of this matter.

**ANSWER:    No determination has been made at this time as to witnesses that will
be called at time of trial.  When this determination is made, this
information will be provided pursuant to the Federal Rules of Civil
Procedure.**

15.    Regarding your allegation that the ventilation at the UNICOR facility was

insufficient to prevent dangerous airborne accumulation of silica dust and other manufacturing

byproducts, please identify and describe what evidence you have that supports this allegation.

**ANSWER:    2001 Air Quality Test (Microbac Labs); 2001 OSHA Letter; 2001
OSHA Response Letter; 2003 Air Quality Test; 2003 OSHA Notice;
2003 Statement Certification; 14 color photographs of the Dust
Collection System at UNICOR; Lokweld Information (Suppliers);
Lokweld MSDS; 28 color photographs of FCI McKean; Micore Board
MSDS; Mill Production Procedures; Monthly Production records
(1/1/00 – 12/1/ 05); Monthly Raw Materials Used (1/1/00 – 12/1/05);
Daily Production Logs; Production Department Procedures;
Photographs of Ventilation System; Diagram of the UNICOR
machine layouts; Copy of OSHA's file on FCI-McKean (UNICOR);
Depositions of each Plaintiff; depositions of Steven Housler, Debra
Forsyth, Warden John Lamana, Tina Petruzzi, Denise Tanner;
Martin Sapko and David English; all additional OSHA reports not
specifically identified above; Photographs of UNICOR Facility, which
are not specifically identified above; Production reports relating to**

**UNICOR Facility, which are not specifically identified above; evidence and facts identified and described in affidavits of the Plaintiffs previously filed in response to Defendants' previous Motions to Dismiss and for Summary Judgment. Each of these documents are in Defendants' possession.**

16.    Regarding your allegation that one or more of the Defendants altered Micore board MSDS documents, please identify and describe what evidence you have that supports this allegation.

**ANSWER:    Depositions of each Plaintiff, depositions of Steven Housler, Debra Forsyth, Warden John Lamana; Martin Sapko and David English; Copies of MSDS documents already in Defendants' possession; evidence and facts identified and described in affidavits of the Plaintiffs previously filed in response to Defendants' previous Motions to Dismiss and for Summary Judgment. In further response, while the precise identity of the individual responsible for altering the MSDS documents is not known at this time, Plaintiffs believe that one or more of the Defendants was responsible for such alteration.**

17.    Regarding your allegation that Defendants failed and refused to make respirators available to you, please identify and state:

        a.    the name of the Defendant who refused to make respirators available;

        b.    the name of the Defendant that you requested a respirator from;

        c.    the date that you first requested a respirator.

**ANSWER:    a.    Plaintiffs' hereby incorporate their deposition transcripts which address these issues and which are already in defendants' possession. In further response, Plaintiffs incorporate the facts and evidence described in their affidavits previously filed in response to Defendants' previous Motions to Dismiss and for Summary Judgment.**
**b.    See response to Interrogatory 17(a)**
**c.    See response to Interrogatory 17(a)**

8

18.    During your employment at the UNICOR facility did you wear a "Breathe Easy" garden mask? If so, please state when and how often you wore the mask when you worked on the UNICOR factory floor.

**ANSWER:**    **Plaintiffs hereby incorporate their deposition testimony which address this issue and which are already in defendants' possession.  In further response, Plaintiffs incorporate the facts and evidence described in their affidavits previously filed in response to Defendants' previous Motions to Dismiss and for Summary Judgment.**

Respectfully submitted,

KNOX McLAUGHLIN GORNALL & SENNETT, P.C.

BY: _____
Richard A. Lanzillo
Attorneys for Plaintiffs
Michael Hill, Leslie Kelly, Kevin Siggers,
Myron Ward and Kenny Hill
120 West Tenth Street
Erie, Pennsylvania 16501
(814) 459-2800

# 701792

9

## CERTIFICATE OF SERVICE

I hereby certify that on this _____11 th_____ day of January, 2007, a true and correct copy of the

within PLAINTIFFS' ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF

INTERROGATORIES was served by mail upon the following:

Michael C. Colville
Assistant U.S. Attorney
US Post Office & Courthouse
700 Grant Street, Suite 400
Pittsburgh, PA 15219

And by E-mail to:

Douglas Goldring, Esquire @ dgoldring@central.unicor.gov
Assistant General Counsel – UNICOR
Washington, DC

_____
Richard A. Lanzillo, Esquire

# 701792

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL W. HILL, | ) | Civil Action No. 03-323E |
| | ) | |
| Plaintiff, | ) | Judge McLaughlin |
| | ) | Magistrate Judge Baxter |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| JOHN J. LAMANNA, WILLIAM K. | ) | |
| COLLINS, MARTY SAPKO, | ) | |
| STEPHEN HOUSLER, ROBERT | ) | |
| KLARK, ROBERT REOME, | ) | |
| BETH FANTASKEY, and | ) | |
| DEBORAH FORSYTH, | ) | |
| Defendants | ) | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| LESLIE R. KELLY, | ) | Civil Action No. 03-368E |
| | ) | |
| Plaintiff, | ) | Judge McLaughlin |
| | ) | Magistrate Judge Baxter |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| JOHN J. LAMANNA, MARTY SAPKO, | ) | |
| DEBORAH FORSYTH, and STEPHEN | ) | |
| HOUSLER | ) | |
| | ) | |
| Defendants | ) | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| KEVIN SIGGERS, | ) | Civil Action No. 03-355 E |
| | ) | |
| Plaintiff, | ) | Judge McLaughlin |
| | ) | Magistrate Judge Baxter |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| JOHN LAMANNA, DEBORAH | ) | |
| FORSYTH, MARTY SAPKO, and | ) | |
| STEPHEN HOUSLER, | ) | |
| | ) | |
| Defendants | ) | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| MYRON WARD, | ) Docket No. 04-11 |
| | ) |
| Plaintiff, | ) Judge McLaughlin |
| | ) Magistrate Judge Baxter |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| JOHN LAMANNA, DEBORAH | ) |
| FORSYTH, MARTY SAPKO, | ) |
| STEPHEN HOUSLER, and NED | ) |
| WATSON, | ) |
| | ) |
| Defendants | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| KENNY HILL, | ) Docket No. 05-160E |
| | ) |
| Plaintiff, | ) Judge McLaughlin |
| | ) Magistrate Judge Baxter |
| vs. | ) |
| | ) |
| JOHN J. LAMANNA, DEBORAH | ) |
| FORSYTH, MARTY SAPKO, and | ) |
| STEPHEN HOUSLER | ) |
| | ) |
| Defendants | ) |

## PLAINTIFFS' RESPONSES TO DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

AND NOW, this ⎷⎷ᵗʰ day of January, 2007, the plaintiffs, Michael Hill, Leslie Kelly, Kevin Siggers, Myron Ward and Kenny Hill, by their counsel, Knox McLaughlin Gornall & Sennett, P.C., serve the following Responses to Plaintiff's Second Request for Production of Documents.

## DEFINITIONS

(1)    Communication.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2)    Document.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34 (a) . A draft of a non-identical copy is a separate document within the meaning of this term.  The term document includes any written or recorded transmission, film or tape, or copy thereof, within the possession, custody, or control of Plaintiffs or their agents.

(3)    Identify (With Respect to Person or Entities).  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4)    Identify (With Respect to Documents).  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document;  and  (iv)  author(s),  addressee (s),  and recipient (s).

(5)    Parties.  The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6)    Person.  The term "person" is defined as any natural person or business, legal or governmental entity or association.

(7)    Concerning.  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

## CLAIMS OF PRIVILEGE

Should you claim a privilege with respect to a particular document or information, you must comply with the following:

(1)    The claimant must state the particular rule or privilege upon which the claim is based.

(2)    There must be appended to the claim any information, in addition to that in the document itself, necessary to establish the factual elements required by the privilege rule invoked.  The information must be sufficiently detailed to permit decision on the claim and must be verified by affidavit by a person or person having knowledge of the facts asserted.

(3)    When a document contains both privileged and unprivileged material, the unprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material.  If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed.

## ITEMS TO BE PRODUCED

(1)    Produce for inspection and copying any and all x-ray films, x-ray reports, MRI films, MRI reports, CT scans, CT reports, lung or respiratory function tests, any and all photographs, films, biopsy reports, recordings, diagrams, and drawings which are related to the alleged injuries which you contend have resolved or are permanent and/or future injuries which

you claim resulted or will result from the alleged dangerous condition at the UNICOR facility at

FCI McKean.

>           **RESPONSE: All such radiographic and/or pulmonary function testing results are
>           in the possession of the Federal Bureau of Prisons and/or defendants.**

(2)    Produce for inspection and copying all hospital records, x-rays, MRIs, CT

scans, medical reports, evaluations, opinions, diagnosis, treatments, prognosis, bills, and invoices

pertaining to any and all medical treatment and care that Plaintiff received prior to incarceration

at FCI McKean.

>           **RESPONSE: Objection.  Request #2 is overly broad and unduly burdensome as it
>           seeks information void of any specific time frames.  Without waiving
>           this objection, all Plaintiffs will sign a valid, HIPAA complaint
>           medical authorization if provided to them through counsel, allowing
>           defendants to obtain records themselves.**

(3)    Produce for inspection and copying all documents which support your

claim that you have been placed at an increased risk of developing future diseases and health

problems, including but not limited to cancer, silicosis, pneumoconiosis, emphysema, asthma,

and mycobacterium tuberculosis.

>           **RESPONSE: No such documents are in the possession of any plaintiffs or their
>           counsel.**

Respectfully submitted,

KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.

BY: _____
       Richard A. Lanzillo, Esquire
       120 West Tenth Street
       Erie, Pennsylvania 16501
       (814) 459-2800

       Attorneys for Plaintiffs,
       Michael Hill, Leslie Kelly, Kevin Siggers,
       Myron Ward and Kenny Hill

# 701771

## CERTIFICATE OF SERVICE

I hereby certify that on this _11th_ day of January, 2007, a true and correct copy of the

within PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND

REQUEST FOR PRODUCTION OF DOCUMENTS was served by mail upon the following:

Michael C. Colville
Assistant U.S. Attorney
Western District of PA
US Post Office & Courthouse
700 Grant Street, Suite 400
Pittsburgh, PA  15219

And by E-mail to:

Douglas Goldring, Esquire @ dgoldring@central.unicor.gov
Assistant General Counsel – UNICOR
Washington, DC

Richard A. Lanzillo, Esquire

# 701771

**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL W. HILL, | ) | Civil Action No. 03-323E |
| | ) | |
| Plaintiff, | ) | Judge McLaughlin |
| | ) | Magistrate Judge Baxter |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| JOHN J. LAMANNA, WILLIAM K. | ) | |
| COLLINS, MARTY SAPKO, | ) | |
| STEPHEN HOUSLER, ROBERT | ) | |
| KLARK, ROBERT REOME, | ) | |
| BETH FANTASKEY, and | ) | |
| DEBORAH FORSYTH, | ) | |
| Defendants | ) | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| LESLIE R. KELLY, | ) | Civil Action No. 03-368E |
| | ) | |
| Plaintiff, | ) | Judge McLaughlin |
| | ) | Magistrate Judge Baxter |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| JOHN J. LAMANNA, MARTY SAPKO, | ) | |
| DEBORAH FORSYTH, and STEPHEN | ) | |
| HOUSLER | ) | |
| | ) | |
| Defendants | ) | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| KEVIN SIGGERS, | ) | Civil Action No. 03-355 E |
| | ) | |
| Plaintiff, | ) | Judge McLaughlin |
| | ) | Magistrate Judge Baxter |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| JOHN LAMANNA, DEBORAH | ) | |
| FORSYTH, MARTY SAPKO, and | ) | |
| STEPHEN HOUSLER, | ) | |
| | ) | |
| Defendants | ) | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| MYRON WARD, | ) | Docket No. 04-11 |
| | ) | |
| Plaintiff, | ) | Judge McLaughlin |
| | ) | Magistrate Judge Baxter |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| JOHN LAMANNA, DEBORAH | ) | |
| FORSYTH, MARTY SAPKO, | ) | |
| STEPHEN HOUSLER, and NED | ) | |
| WATSON, | ) | |
| | ) | |
| Defendants | | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| KENNY HILL, | ) | Docket No. 05-160E |
| | ) | |
| Plaintiff, | ) | Judge McLaughlin |
| | ) | Magistrate Judge Baxter |
| vs. | ) | |
| | ) | |
| JOHN J. LAMANNA, DEBORAH | ) | |
| FORSYTH, MARTY SAPKO, and | ) | |
| STEPHEN HOUSLER | ) | |
| | ) | |
| Defendants | ) | |

## PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANTS' SECOND SET OF INTERROGATORIES

AND NOW, this 11th day of January, 2007, the plaintiffs, Michael Hill, Leslie Kelly, Kevin Siggers, Myron Ward and Kenny Hill, by their counsel, Knox McLaughlin Gornall & Sennett, P.C., serve the following Answers to Defendants' First Set of Interrogatories.

## DEFINITIONS

1.      Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.      Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34 (a) . A draft of

a non-identical copy is a separate document within the meaning of this term. The term document

includes any written or recorded transmission, film or tape, or copy thereof, within the

possession, custody, or control of Plaintiffs or their agents.

       3.     Identify (With Respect to Person or Entities). When referring to a person,

"to identify" means to give, to the extent known, the person's full name, present or last known

address, and when referring to a natural person, additionally, the present or last known place of

employment. Once a person has been identified in accordance with this subparagraph, only the

name of that person need be listed in response to subsequent discovery requesting the

identification of that person.

       4.     Identify (With Respect to Documents). When referring to documents,

"to identify" means to give, to the extent known, the (i) type of document; (ii) general subject

matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

       5.     Parties. The terms "Plaintiff" and "Defendant" as well as a party's full or

abbreviated name or pronoun referring to a party mean the party and, where applicable, its

officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This

definition is not intended to impose a discovery obligation on any person who is not a party to

the litigation.

       6.     Person. The term "person" is defined as any natural person or business,

legal or governmental entity or association.

       7.     Concerning. The term "concerning" means relating to, referring to,

describing, evidencing or constituting.

## CLAIMS OF PRIVILEGE

Should you claim a privilege with respect to a particular document or information, you must comply with the following:

1.    The claimant must state the particular rule or privilege upon which the claim is based.

2.    There must be appended to the claim any information, in addition to that in the document itself, necessary to establish the factual elements required by the privilege rule invoked. The information must be sufficiently detailed to permit decision on the claim and must be verified by affidavit by a person or person having knowledge of the facts asserted.

3.    When a document contains both privileged and unprivileged material, the unprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed.

## INTERROGATORIES

1.    Please state whether you ever complained about or reported a concern about the air quality in the UNICOR factory to an employee or staff member of FCI McKean.

**ANSWER:    Plaintiff's hereby incorporate their deposition transcripts which address these issues and which are already in defendants' possession. In further response, Plaintiffs incorporate the facts and evidence described in their affidavits previously filed in response to Defendants' previous Motions to Dismiss and for Summary Judgment.**

2.    Regarding your answer to Interrogatory No. 1, please identify:

a.    the name, address and telephone number of the person to whom you complained or reported a concern regarding the air quality at the UNICOR factory;

      b.     the date(s) that you complained about or reported a concern with the air quality in the UNICOR factory;

**ANSWER:**   **a. – b. See answer to Interrogatory #1.**

3.      Regarding your answer to Interrogatory No. 1, please describe:

      a.     What specifically you complained about or reported to an employees or staff member at FCI McKean concerning air quality at the UNICOR factory.

      b.     What, if any, response you received from an employee or staff member of FCI McKean for each complaint or report of concern regarding air quality at the UNICOR factory.

**ANSWER:**   **a. - b. See answer to Interrogatory #1.**

                    Respectfully submitted,

                    KNOX McLAUGHLIN GORNALL & SENNETT, P.C.

                    Richard A. Lanzillo
                    Attorneys for Plaintiffs
                    Michael Hill, Leslie Kelly, Kevin Siggers,
                    Myron Ward & Kenny Hill
                    120 West Tenth Street
                    Erie, PA 16501
                    (814)459-2800

# 709191

## CERTIFICATE OF SERVICE

I hereby certify that on this __11__ day of January, 2007, a true and correct copy of the

within PLAINTIFFS' ANSWERS AND OBJECTIONS TO DEFENDANTS' SECOND SET OF

INTERROGATORIES was served by mail upon the following:

Michael C. Colville
Assistant U.S. Attorney
Western District of PA
US Post Office & Courthouse
700 Grant Street, Suite 400
Pittsburgh, PA 15219

And by E-mail to:

Douglas Goldring, Esquire @ dgoldring@central.unicor.gov
Assistant General Counsel – UNICOR
Washington, DC

_____
Richard A. Lanzillo, Esquire

# 709191