```
 1                IN THE UNITED STATES DISTRICT COURT
                FOR THE WESTERN DISTRICT OF PENNSYLVANIA
 2

 3   MYRON WARD,                      :
               Plaintiff              :
 4                                    :
          v.                          :    C.A. No. 04-11
 5                                    :
     JOHN LAMANNA, et al.,            :
 6            Defendant               :

 7

 8

 9

10

11          Hearing in the above-captioned matter held

12      on April 14, 2005, commencing at 10:06 a.m., before

13      the Honorable Susan Paradise Baxter, in camera,

14      at the United States Courthouse, 17 South Park

15      Row, Room A280, Erie, Pennsylvania 16501.

16

17

18

19   For the Plaintiff:  (Via telephone)
          Myron Ward, Pro Se
20
     For the Defendants:  (Via telephone)
21        Christy Wiegand, Esq., AUSA

22   For UNICOR:  (Via telephone)
          Douglas Goldring, Esq.
23

24

25              Reported by Janis L. Ferguson, RPR
```

```
 1            THE COURT:  All right.  Let me go on the record
 2   here.  This is Civil Action No. 04-11 Erie, Myron Ward
 3   versus John Lamanna, et al.  In my chambers, I have my staff
 4   attorney, Cynthia Sander, Esquire, as well as the court
 5   reporter.
 6            Could you all identify yourselves for the
 7   record, please.
 8            MS. WIEGAND:  Your Honor, this is Christy Wiegand
 9   from the U.S. Attorney's Office.
10            MR. GOLDRING:  Your Honor, this is Doug Goldring,
11   Assistant General Counsel for UNICOR.
12            MR. WARD:  Your Honor, this is Myron Ward, the
13   Plaintiff.
14            THE COURT:  Mr. Ward, are you on a hand-held
15   phone, or are you on a speaker phone?
16            MR. WARD:  Hand-held.
17            THE COURT:  All right.  So no one else can hear
18   the full conversation but you.
19            MR. WARD:  That's correct.
20            THE COURT:  All right. And, Mr. Goldring, you
21   sound the furthest away.  Where are you, sir?
22            MR. GOLDRING:  I'm on a regular hand-held phone in
23   my office, ma'am.
24            THE COURT:  And where is that?  In Pittsburgh?
25            MR. GOLDRING:  No.  Actually, it's in Washington,
```

```
 1   D.C.
 2            THE COURT:  Washington.  That's what I wanted.
 3   Maybe that's why you're sounding so far away.
 4            All right.  I have here the Judge's
 5   Memorandum Order in which he took care of the negligence
 6   claim that we didn't discuss in the R&R, but that -- but
 7   where he said, I'm not going to look at any of the
 8   after-filed evidence, basically because I don't have to,
 9   because the Magistrate Judge didn't have it, and I challenge
10   you to file something else -- another dispositive motion
11   with that stuff.  So I thought it best that we talk and see
12   whether that was your interest, Defendants.
13            MS. WIEGAND:  Your Honor, my understanding is that
14   the Plaintiff would need to file an Amended Complaint.  And
15   we would like to file a dispositive motion in response to
16   the Amended Complaint.
17            THE COURT:  Now, why would you say that?
18            MS. WIEGAND:  Why would I say that we would like
19   to file a dispositive motion?
20            THE COURT:  No, no, no.  Why would you say that
21   the Plaintiff needs to file an Amended Complaint?
22            MS. WIEGAND:  My understanding was that in the
23   Court's R&R, that you had recommended that the Plaintiff be
24   ordered to file an Amended Complaint to more fully allege
25   his equal protection claim.
```

3

```
 1                THE COURT:  Oh, I think that's correct.
 2                MS. WIEGAND:  Okay.
 3                THE COURT:  I was just trying to see if the Judge
 4    made any comment about that in his -- in his final order,
 5    and I don't see that.
 6                MS. WIEGAND:  I don't believe that the Judge did.
 7    So that was one issue that I wanted to bring to the Court's
 8    attention.
 9                THE COURT:  All right.  So we're going to go
10    through another round.
11                MS. WIEGAND:  I believe so, Your Honor, yes.
12                THE COURT:  All right.
13                     Mr. Ward, I am going to accept from you
14    another motion for appointment of counsel, if you'd like to
15    send me one.
16                MR. WARD:  Okay.  Well, I been -- talked to a
17    lawyer yesterday that I have been keeping updated on the
18    case, and he's saying he's willing to represent me.  I don't
19    know if I have to give you all this information --
20                (Proceedings interrupted by the reporter.)
21                THE COURT:  You have to speak up, sir, for the
22    court reporter.  What did you say at the end?
23                MR. WARD:  I have been speaking with a lawyer from
24    the beginning.  He's been -- I'm keeping him updated on
25    everything that's going on.  And I spoke with him yesterday.
```

```
 1   He was saying that I can -- that he was willing to represent
 2   me.
 3              THE COURT:  Who is he?
 4              MR. WARD:  It's John Thompson.  He's in Sayre,
 5   Pennsylvania.
 6              THE COURT:  Spell it.
 7              MR. WARD:  S-A-Y-R-E, Pennsylvania.  18840.
 8              THE COURT:  All right.  Well --
 9              MR. WARD:  Do you want the address?  304 North
10   Keystone Avenue.  And his telephone number is 570-886-8171.
11   John E. Thompson.
12              THE COURT:  All right.  I still need another
13   motion from you, because I denied your first one.
14              MR. WARD:  Yes.  Okay.
15              THE COURT:  All right?  Let's set up a time for --
16   have you started working on your Amended Complaint?
17              MR. WARD:  Yes, I started on it, but it's not
18   complete.
19              THE COURT:  All right.  Can I require you to have
20   that in, in two weeks?  Are you okay with that time period?
21              MR. WARD:  Yeah, two weeks would be good.
22              THE COURT:  All right.  Let's see here.
23   April 29th.
24              MR. WARD:  29th, okay.
25              THE COURT:  I'm going to have you do that by
```

```
 1   April 29th.  And I will give the -- let's see, mid May
 2   somewhere.  You already have all the information, because
 3   you already sent it all to Judge McLaughlin.  So you don't
 4   need a ton of time, Miss Wiegand.
 5           MS. WIEGAND:  We would request at least 30 days
 6   from the time that the Plaintiff files his Amended
 7   Complaint.
 8           THE COURT:  Why?
 9           MS. WIEGAND:  We -- we would like to see what he
10   puts in his Amended Complaint.  And, also, the format of our
11   objections was different than the format of our dispositive
12   motion maybe.  So we would request the time to prepare a
13   comprehensive response.
14           THE COURT:  Mr. Goldring, any comment?
15           MR. GOLDRING:  Yes, ma'am.
16           THE COURT:  Any comment?
17           MR. GOLDRING:  Your Honor, I agree with Miss
18   Wiegand.  In addition, we would want to have an opportunity
19   to review the exhibits which we had previously submitted and
20   determine whether there were any additional exhibits we
21   would want to collect from the institution in order to
22   respond to any new allegations or anything new in the
23   Amended Complaint.
24           MS. WIEGAND:  Your Honor, if I may add something.
25   We would also need additional time to update declarations
```

```
 1   from individuals at the Bureau of Prisons, and it does take
 2   some time to review declarations with those individuals and
 3   gain their signatures.  So we would also request time for
 4   that.
 5              THE COURT:  Well, and I do understand we're not
 6   sure what Mr. Ward will bring.  I mean, he may not -- he may
 7   update more than just the equal protection claim.
 8                   All right.  I'll give them about a month
 9   here.  Okay, May 27th, dispositive motions.
10              MS. WIEGAND:  Thank you, Your Honor.
11              THE COURT:  And then I'll tell you what, Mr. Ward,
12   I'll take a look at the dispositive motion before I set the
13   response time for you.  And also at that point I will have
14   made a decision on an appointment of counsel.
15              MR. WARD:  Okay.
16              THE COURT:  So that will have a lot to do with how
17   much time I give you in response.
18              MR. WARD:  Okay.
19              THE COURT:  So I'm not going to make that decision
20   today or set that date today.
21              MR. WARD:  Okay.
22              THE COURT:  Does anyone think they need a -- well,
23   I guess it would be the Defendants.  Do you think you need
24   any other discovery in response?  Is there anything that
25   you're foreseeing?
```

```
 1              MS. WIEGAND:  Your Honor, I wasn't prepared to
 2   address discovery issues at this point.  We were
 3   anticipating that any discovery would be conducted after the
 4   resolution of our dispositive motions.
 5              THE COURT:  All right.  Okay.  Well, then I think
 6   we've got it set.  We'll send out an order today,
 7   April 29th, for the Amended Complaint.  I will accept any
 8   motion for appointment of counsel, and we'll check out the
 9   one you want and see what we can find here in Erie.
10              MR. WARD:  Okay.
11              THE COURT:  You understand, hopefully from my last
12   order, Mr. Ward, that I don't have -- I don't have the
13   authority to just tell an attorney to take on your case.  I
14   have to request it.  And though we are very persuasive,
15   sometimes we're not that persuasive.  So I will do my best.
16              MR. WARD:  I understand.
17              THE COURT:  Is this attorney -- you're speaking
18   with an attorney in Pennsylvania.  You're still in Virginia;
19   is that correct?
20              MR. WARD:  Yes, I'm in Virginia.  But I was
21   speaking to him when I was in Pennsylvania, and I just kept
22   him updated that whole time along.  And when I spoke with
23   him yesterday, you know, he said he was interested in
24   representing me.
25              THE COURT:  All right.  So you're still able to
```

```
 1   speak with him when you're able to get a phone call in.
 2   Okay.
 3               MR. WARD:  Yes, I'm still able to speak to him.
 4               THE COURT:  All right.  It's tough, when someone
 5   is as far away as you are, to get counsel and to get it to
 6   work.  So perhaps we'll talk to Mr. Thompson and see how he
 7   feels.  When I get a motion.
 8               MR. WARD:  Okay.
 9               THE COURT:  All right.  Anything else, Miss
10   Wiegand?
11               MS. WIEGAND:  No, nothing, Your Honor.
12               THE COURT:  Anything else, Mr. Goldring?
13               MR. GOLDRING:  No, Your Honor.
14               THE COURT:  All right.  Then we're adjourned.  I
15   appreciate your time.  Thank you.  And, Mr. Ward, thank the
16   folks there at FCI Petersburg.  I appreciate it.
17               MR. WARD:  Okay.  Thank you.
18
19               (Hearing concluded at 10:15 a.m.)
20
21
22
23
24
25
```