IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MYRON WARD  :  Civil Action No: 04-11 Erie
    Petitioner  :  (District Judge McLaughlin)
    :  (Magistrate Judge Baxter
v.  :
    :
    :
JOHN LAMANNA, et al.  :
    Defendant / Respondent  :

FILED
MAR 17 2008
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

### MOTION FOR RELIEF FROM JUDGMENT OR ORDER PURSUANT TO RULE 60(b)

COMES NOW the Petitioner, Myron Ward (hereinafter "Ward"), pro se, in the above-captioned matter and moves this Honorable Court for relief from an Order granting summary judgment, or in the alternative, motion to dismiss. Said Order was entered by the Honorable Sean McLaughlin, United States District Judge, on March 14, 2007.[1] Ward asks for relief pursuant to Federal Rule of Civil Procedure ("FRCP"), Rule 60(b)(1),(2), and (6), and respectfully requests the Court's consideration to reopen the judgment for reasons of mistake or excusable neglect, newly discovered evidence, or

---

1. Please see Copy of the Honorable Sean McLaughlin, United States District Court's Memorandum Order granting Summary Judgment on March 14, 2007 attached hereto as Exhibit "A".

in the alternative, other reasons justifying relief from operation of judgment. In support of his motion, Ward refers this Court to the following facts:

1. On or about January 20, 2004, Ward filed a pro se complaint pursuant to Title 28, United States Code 1331(a) and 1361.

2. On or about August 17, 2004, Defendant's filed a Motion to Dismiss.

3. On or about September 27, 2004, Ward filed his response to Defendant's Motion to Dismiss.

4. On February 10, 2005, this Court issued a Report and Recommendation ("R&R") recommending that the pending motion to dismiss be granted in part and denied in part. This Court further recommended that Ward's Eighth Amendment claim, his Fifth Amendment due process claim, and his retaliation claim be allowed to proceed and Ward was directed to file an amended complaint more fully alleging his Equal Protection claim. By Order dated April 1, 2005, District Judge Sean J. McLaughlin adopted the Court's R&R.[2]

5. On or around November 9, 2005, a fee agreement was accepted by Ward allowing Richard Lanzilla, Esquire to represent him.

---

2. On April 14, 2005, a Case Management Conference was held between AUSA Cristy Wiegand, UNICOR Assistant General Counsel Douglas Goldring, Magistrate Judge Baxter and Ward. The next day, Petitioner was informed that his first counsel of choice, John Thompson, Esquire was rejected due to Counsel's geographical proximity potentially depriving defendant of his due process right to counsel of his choice. Ward's case was referred to the local firm of Knox, McLaughlin Gornall & Sennett, P.C.

6. Ward's newly-appointed counsel immediately filed a Second Amended Complaint on January 20, 2006, adding the United States of America as a defendant.

7. In his Amended Complaint, Ward's new counsel merely restated his Eighth Amendment deliberate indifference claim, introduced an Federal Tort Claim Act ("FTCA") claim against the United Sates, and dropped the Fourth Amendment, Equal Protection, and retaliation claims without Ward's consultation or approval.[3]

8. In response to the Second Amended Complaint, Defendant's filed a motion to dismiss, or in the alternative, motion for summary judgment. By R&R dated July 24, 2006, the Court recommended the Defendant's motion to dismiss or for summary judgment be granted in part and denied in part, in that the FTCA claim against the United States be dismissed for lack of subject matter jurisdiction based on Ward's failure to exhaust his administrative remedies, that the motion regarding Ward's <u>Eighth Amendment claim against</u> the Defendants be denied and the R&R was adopted as the Opinion of the Court by Order dated Ausust 16, 2006.

---

3. Please see Copy of Ward's letter dated December 21, 2005, detailing information for counsel to help formulate his trial strategy, of particular interest, Ward indicates the eagerness of his Supervisor, Mr. Robin Bevivino, to be truthful and candid in the course of any pending investigation attached hereto as Exhibit "B".

9. On August 24, 2006, the Court conducted a Case Management Conference, and thereafter, a period of discovery ensued with a tentative trial date scheduled for March 19, 2007, before District Judge Sean J. McLaughlin.

10. FRCP 60(b) provides, in pertinent part, that on motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding.[4]

11. Ward asserts that his due process rights were infringed because he was provided with inadequate representation.

12. First, Counsel failed in its representation, inadvertinently or not, because counsel chose not to take depositions of corroborating witnesses upon request by Ward and under the circumstances could not have adequately represented the interest of the Petitioner.

13. Counsel failed to hire an investigator to locate these witnesses nor disclose this information to the Court whereas the Government indicated that certain witnesses were not available.

---

4. Rule 60(b) provides that on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment order, or proceeding for the following reasons. (1) Mistake, inadvertence, surprise, or excusable neglect; (2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(e); (3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresenatation, or other misconduct of an adverse party; (4) The judgment is void; (5) The judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prespective application; or (6) Any other reason justifying relief from the operation of the judgment.

14. Counsel failed to depose or subpoena any affidavits to dispute the Defendant's claims.

15. A witness alleged that the defendants had an animus towards him which would have inhibited any attempts to locate him.

16. Excusable neglect requires inquiry into the reasons for a failure to file any tactical investigation, rather than <u>inquiry into the consequences</u> of such a failure.

17. The determination of what sorts of neglect are excusable is at the bottom an equitable determination, taking account of all relevant circumstances surrounding counsel's omission -- including (1) The reason for delay, (2) The length of the delay and its potential impact on judicial proceedings, (3) Whether the delay was within reasonable control of the counsel, (4) The danger of the prejudice, and (5) Whether counsel acted in good faith.[5]

18. Secondly, on November 15, 2006, an Order was signed by Magistrate Judge Baxter for Ward to be examined by an Independant Medical Examiner.[6]

---

5. Ward avers that counsel's indication that a witness was unavailable due to the possible inadvertent inferference may support a claim of excusable neglect on behalf of Ward's counsel.

6. Please see Docket Statement indicating Order for examination marked Document #'s 62-64.

19. On December 18, 2006, Ward was transported to Pennsylvania in hope of being examined as ordered by the Court.[7]

20. Moreover, on February 2, 2007, Defendants filed for Summary Judgment, or in the alternative, Motion to dismiss Amended Complaint.

21. On or around February 21, 2007, without any medical report due to the fact Ward was never examined, counsel filed a Motion for Extension of Time to respond to Defendant's Motion for Summary Judgment. Ward's motion was denied.[8]

22. On February 23, 2007, Magistrate Judge Baxter issued a final R&R, recommending that the Defendant's motion for summary judgment be granted which was adopted by the District Court Judge.

23. Judge Baxter in her R&R said that Ward's counsel offered very little more than what was discussed in <u>the prior R&R</u> filed before discovery was accomplished.[9]

---

7. Ward claims that he was confined in Pennsylvania for approximately four months and was never examined by his expert and was only visited once by counsel despite numerous attempts by family members urging counsel's presence to see the Petitioner.

8. It is basic legal knowledge that asking for an extension of time two days prior to a due date was inadequate representation and did not have the best interests of the client in mind.

9. Please See Copy of Magistrate's Judge's R&R marked Document # 74. Dated 2/23/07, p.11, ¶2.

(6)

24. Rule 60(b)(6) must be applied subject to the propositions that the finality of judgments is a sound principle that should not lightly be cast aside, [and] that clause (6) is not a substitute for appeal, but where instances where counsel's performance was deficient, it is intended to be a means for accomplishing justice in extraordinary situation, and so confined, does not violate the principle of the finality of judgments.

25. On March 5, 2007, objections were filed by Ward through counsel and after consideration of the issues raised in the Oral Argument held on March 9, 2007 and the testimony at a Hearing on the issue of spoilation held before the Court on March 12, 2007, a judgment was entered in favor of the Defendants.

26. On April 4, 2007, Ward filed a timely Notice of Appeal.

27. For the same reasons set forth by the magistrate judge and the district court, Defendants filed a motion for summary judgment.

28. On or around July 20, 2007, Ward filed his argument in opposition to summary argument stating the following:
   (a) Counsel failed to investigate and take deposition of corroborating witness, Mr. Robin Bevevino, Correctional Officer at FCI McKean;
   (b) Counsel filed incomplete and ineffectve briefs;
   (c) Counsel failed to complete discovery;
   (d) Counsel failed to meet deadlines; and
   (e) Counsel did not have the legal knowledge, skill, thoroughness and preparedness reasonably neccessary for prison litigation.

29. On August 27, 2007, an investigator was hired to locate the whereabouts of Correctional Officer, Mr. Robin Bevevino.[10]

30. Moreover, on September 27, 2007, Investigator Matthew Psillas held a tape recorded interview with Mr. Robin Bevevino detailing the many assertions contained in Ward's complaint.[11]

31. The second ground for relief under FRCP 60(b) is for newly discovered evidence. This Rule is frequently used in lieu of FRCP 59(e) because it extends the time period within which a party may rely on such new evidence possibly to modify a judgment. The same standards apply, and the evidence must have been in existence at the time of the trial but not discovered by the moving party even through the exercise of due diligence.

32. The affidavit of Robin Bevevino alleges facts that if true would entitle Ward to relief. It appears that no affidavit opposing or disputing Officer Bevevino's affidavit will be entered into evidence by the defendants.

33. On September 13, 2007, the United States Court of Appeals for the Third Circuit issued an Order claiming that summary action will be denied at this time and that Clerk of the Court is directed to request counsel to represent Ward while on appeal.[12]

---

10. Please see Copy of letter from Matthew W. Psillas Investigation attached hereto as Exhibit "C".

11. Please see Copy of transcribed interview with Mr. Robin Bevevino attached hereto as Exhibit "D".

12. Please see Copy of Court's Order dated September 13, 2007 attached hereto as Exhibit "E".

(8)

## REQUEST FOR RELIEF

WHEREFORE, Petitioner Myron Ward prays that this Court grant him the following relief:

(a) That the Order of March 14, 2007 granting defendant's Motion for Summary Judgment be vacated and set aside as void pursuant to Rule 60(b).

(b) That a said Order for Relief from Judgment be granted pursuant to one of the six applicable clauses under Rule 60(b) in order to apply to the defects alleged to influence the integrity of the proceeding.

(c) That the original proceeding be referred back to the trial date of March 19, 2007..

(d) That counsel continue to represent Ward until the conclusion of this proceeding.

(e) That Ward be allowed to proceed In Forma Pauperis as he is indigent and that no costs be assessed to file this motion.

(f) For any other relief that the Court deems appropriate.

### Conclusion

WHEREFORE, as a direct result of counsel's actions, Ward's §1983 / Bivens Complaint was dismissed one week prior to going to trial due to reasons through no fault of his own, and pursuant to Rule 60(b) of FRCP, Ward respectfully requests a finding by this Honorable Court that a consideration of the merits of this motion is in order.

(9)

                    Respectfully submitted,

*/s/ Myron Ward*
Myron Ward
FIN 05967-084
FCC-Petersburg, Low
Maryland Hall
P.O. Box 1000
Petersburg, VA  23804-1000

Dated: March 13, 2008

(10)

**CERTIFICATE OF SERVICE**

I, Myron Ward, Petitioner pro se, hereby certify that I have served a copy of the foregoing motion, First Class Mail, postage prepaid and properly addressed to the following:

Christy C. Wiegand, AUSA
Office of the United States Attorney
700 Grant Street
Pittsburgh, PA 15219

**Standard Declaration Form For Service of Pleedings
on the United States District Court for the Western District of Pennsylvania**

I, Myron Ward, an Inmate at FCC-Petersburg, Low, hereby declare that I placed an original copy of a Motion to Vacate Judgment in the Institution's Internal Mail System on __13__ day of March, 2008. These materials were addressed to the Clerk of the U.S. District Court for the Western District of Pennsylvania, as well as the office of the United States Attorney and were sent First Class Mail, postage prepaid.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true to the best of my knowledge and belief.

Executed on the __13__ day of March, 2008

Respectfully submitted,

Myron Ward
Myron Ward
FIN 05967-084
FCC - Petersburg, Low
Maryland Hall
P.O. Box 1000
Petersburg, VA 23804-1000