Myron Ward (05967-084)
FCC Petersburg Low
P.O. Box 1000
Petersburg, VA 23804


Richard A. Lanzillo
The Knox Firm

Mr. Lanzillo:                                           December 21, 2005

I am writing to give you the information that I was asked about during our conference call on 12/31/03.

OSHA came in for the first time on 4/16/03. They took pictures and video recordings of the factory. On 5/14/03, OSHA conducted depositions of inmates Miller, Siegers, Woods and other machine operators (they were recorded by video and audio). They returned again on 6/17/03 and 6/18/03 to conduct air sample test.

Paticulate respirators were made available to night shift workers on 6/26/03. The back panel saw was moved from under the fan up next to the middle of the factory next to the other one on 9/18/03 (there were two in the factory)]

I know it is early right now but you should have a copy of the Request for Documents that I submitted. If we make it to that point, I would like to explain why I requested tbhose items. Also, my immediate supervisor, Rob Bevivino, informed me while I was still at FCI McKean, that if I ended up in court, he would not tell any lies or cover anything up for them (UNICOR).. CFR 28 explains a little about what UNICOR is and I enclosed a copy that may be of help.

I beleive my Amended Complaint explains the retaliation claim a little clearer ( all of the meetings took place within a one week span).

-1-

Exhibit "B"

If you like, you can send me a few questions to answer or be prepared to answer the next time we speak.

I know that I am jumping way ahead with this but if we get to the point where they want to discuss a settlement, I was hoping to also abtain some type of reduction of sentence for my pain and suffering ( in addition to monetary relief).

                Thank you for your time.

                                      Sincerely,

                                      Myron Ward

ATTOR,    APPEAL, CLOSED, MAG

# U.S. District Court
## Western District of Pennsylvania (Erie)
## CIVIL DOCKET FOR CASE #: 1:04-cv-00011-SJM-SPB
## Internal Use Only

| | |
|---|---|
| WARD v. LAMANNA, et al | Date Filed: 01/20/2004 |
| Assigned to: Judge Sean J. McLaughlin | Date Terminated: 03/14/2007 |
| Referred to: Magistrate Judge Susan Paradise Baxter | Jury Demand: Plaintiff |
| Demand: $0 | Nature of Suit: 550 Prisoner: Civil Rights |
| Case in other court: 3rd Circuit, 07-02023 | |
| Cause: 42:1983pr Prisoner Civil Rights | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**MYRON WARD**          represented by **MYRON WARD**
05967-084
FCC PETERSBURG LOW
PO BOX 1000
PETERSBURG, VA 23804
PRO SE

**Richard A. Lanzillo**
Knox, McLaughlin, Gornall & Sennett
120 West Tenth Street
Erie, PA 16501
(814) 459-2800
Email: rlanzillo@kmgslaw.com
*TERMINATED: 04/02/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**JOHN J. LAMANNA**          represented by **Christy C. Wiegand**
United States Attorney's Office
700 Grant Street
Suite 4000
Pittsburgh, PA 15219
(412) 894-7452
Email: christy.wiegand@usdoj.gov
*TERMINATED: 09/25/2006*
*LEAD ATTORNEY*

|  |  |  |
|---|---|---|
|  |  | answer due 9/22/2006; STEPHEN HOUSLER answer due 9/22/2006. Discovery due by 12/1/2006. Dispositive Motions due by 12/15/2006. Response to Motion due by 1/16/2007. This case is to be consolidated with CA 03-323, CA 03-355 and CA 03-368 for purposes of trial.(Court Reporter Ron Bench.) (lrw) (Entered: 08/28/2006) |
| 09/25/2006 | 58 | NOTICE of Appearance by Michael C. Colville on behalf of UNITED STATES OF AMERICA, JOHN J. LAMANNA, DEBRA FORSYTH, MARTY SAPKO, STEPHEN HOUSLER, NED WATSON (Colville, Michael) (Entered: 09/25/2006) |
| 09/25/2006 | 59 | *Defendants'* ANSWER to Amended Complaint *(2nd Amended Complaint)* by UNITED STATES OF AMERICA, JOHN J. LAMANNA, DEBRA FORSYTH, MARTY SAPKO, STEPHEN HOUSLER, NED WATSON.(Colville, Michael) (Entered: 09/25/2006) |
| 11/13/2006 | 60 | Joint MOTION to Modify *CASE MANAGEMENT ORDER* by MYRON WARD. (Attachments: # 1 Proposed Case Management Order(Lanzillo, Richard) Modified on 11/14/2006 to name attachment(dm). (Entered: 11/13/2006) |
| 11/14/2006 | 61 | Minute Entry for proceedings held before Judge Susan Paradise Baxter : Motion Hearing held on 11/14/2006 re 60 Joint MOTION to Modify CASE MANAGEMENT ORDER filed by MYRON WARD. Motion granted as follows: Dispositive Motions due by 2/2/2007. Response to Dispositive Motion due by 2/16/2007. (Court Reporter Ron Bench.) (lrw) (Entered: 11/14/2006) |
| 11/14/2006 | 62 | MOTION for an Order of Court Directing the United States Marshal to Make Travel Arrangements for Plaintiffs' Independent Medical Examinations by UNITED STATES OF AMERICA, JOHN J. LAMANNA, DEBRA FORSYTH, MARTY SAPKO, STEPHEN HOUSLER. (Attachments: # 1 Proposed Order)(Colville, Michael) (Entered: 11/14/2006) |
| 11/14/2006 |  | TEXT ORDER granting 60 Motion to Modify; motion granted orally during telephonic hearing held this date. Text-only entry; no PDF document will issue. This text-only entry constitutes the Court's order or notice on the matter. Signed by Judge Susan Paradise Baxter on 11/14/06. (lrw) (Entered: 11/14/2006) |
| 11/15/2006 | 63 | ORDER granting 62 Motion for an Order Directing the U.S. Marshal to make travel arrangements for an independent medical examination of Plaintiff on January 3, 2007 at 10:00 a.m. Signed by Judge Susan Paradise Baxter on 11/15/06. (lrw) (Entered: 11/15/2006) |
| 11/15/2006 | 64 | Writ of Habeas Corpus ad Testificandum Issued as to Myron Ward for December 18, 2006. (lrw) (Entered: 11/15/2006) |

878 F2 233 → this might be able to use if Lanzillo tried to depose Ben

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MYRON WARD,  )
        Plaintiff,  )
 )
v.  )   C.A. No. 04-11 Erie
 )   District Judge McLaughlin
JOHN LAMANNA, et al.,  )   Magistrate Judge Baxter
        Defendants.  )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that Defendants' motion for summary judgment, or in the alternative, motion to dismiss [Document # 66] be granted.

**II.    REPORT**

       **A.     Relevant Procedural History**

On January 20, 2004, Plaintiff Myron Ward, an inmate formerly incarcerated at the Federal Correctional Institution at McKean ("FCI-McKean"), filed this *pro se* action, raising a civil rights claim pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). Named as Defendants are: former Warden John Lamanna; Deborah Forsyth, Chairperson of FCI-McKean's Safety and Health Committee; Marty Sapko, UNICOR/Industry Factory Manager at FCI-McKean; Stephen Housler, Safety Manager at FCI-McKean; and Correctional Officer Ned Watson.[1]

---

[1] This is one of five separate cases filed by former FCI-McKean inmates challenging conditions at FCI-McKean's UNICOR factory. The Plaintiffs in the other four cases are Michael Hill (C.A. No. 03-323), Kevin Siggers (C.A. No. 03-355), Leslie Kelly (C.A. No. 03-368E), and Kenny Hill (C.A. No. 05-160E). All of these cases remain pending before this Court.

1

approximately 130 boards.[6] Document # 73, Exhibit A, page 2. This monthly average is not significantly different from the production of 121 boards in April 2003. As a result, the production record does little, if anything, to support Plaintiff's attempt to discredit the OSHA air test results.

In short, Plaintiff has provided no evidence, scientific studies, or expert reports, that would indicate that "significant amounts" of silica dust remained airborne, despite the presence of the dust-collecting system installed in the UNICOR factory. Moreover, Plaintiff has failed to produce any scientific studies or expert reports explaining in detail the level of concentration and the duration of exposure to silica dust and or Lockweld 860/861 that would be necessary to create an unreasonably high risk of harm.[7] As a result, the Court has very little more than that which was discussed in the Report and Recommendation filed before discovery was accomplished.

Nonetheless, even if this Court were to assume, for argument's sake, that there was an unreasonably high level of silica dust (or exposure to Lockweld fumes) in the UNICOR facility, Plaintiff must still show that he was exposed to such conditions unwillingly. See Helling, 509 U.S. at 35 (plaintiff "must also establish that it is contrary to current standards of decency for anyone to be so exposed against his will...) (emphasis added); Farmer, 511 U.S. at 837 ("[t]he Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments'"). This he cannot do. It has now become clear from deposition testimony and the work manual that Plaintiff was in a job that he was hired for – a job that was not forced upon

---

[6] The record indicates that there were no boards produced during the months of February and March 2003, while only 2 boards were produced in January 2003. This Court chose to exclude the monthly production of 2 boards in January 2003, so that the calculation would not be skewed against Plaintiff.

[7] Although Plaintiff has provided the expert report of David R. Williams, Certified Industrial Hygienist, the report makes only general observations, such as the OSHA permissible exposure limit for dust containing 20% crystalline silica would be 0.46 mg/m$^3$, without rendering an opinion as to whether the OSHA results indicated an exposure in excess of this limit. See Document # 73, Exhibit, ¶ 2.